Weldon, J.,
delivered the opinion of the court:
This suit is instituted against the District of Columbia under the provisions of the statute approved on the 22d of March, *107 A. D. 1884, entitled “An aet for the relief of the devisees of the late Daniel Carroll.” The first section of said act reads as follows:
“Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That the devisees under the will of the late Daniel Carroll of Duddington, deceased, their heirs, or assigns may prosecute a suit in the Court of Claims, according to the rules of practice and proceedings in said court, against the District of Columbia, to recover such damages, if any, as they have sustained by reason of the change of grade and the regrading of the streets arouud square numbered seven hundred and thirty-six in the city of Washington; and the said court, if it shall appear that said claim for damages has not heretofore been presented or prosecuted before any board of audit established by the provisions of the act of Congress, approved June twentieth, eighteen hundred and seventy-four, is hereby authorized to hear and determine the said suit, and in ascertaining the damages sustained by the plaintiffs, the court is directed to taire into consideration the advantages, if any, to the said square numbered seven hundred and thirty-six, resulting from the change of grade and regrading aforesaid. It shall be the duty of the attorney for the District to defend the said suit, and each party shall have the right to appeal for a final decision in such case to the Supreme Court of the United States, according to the existing rules of practice in said court.”
In said act it is provided:
“ And the said court, if it shall appear that said claim for damages has not heretofore been presented or prosecuted before any board of audit established by the provisions of the act of Congress approved June 20,1874, is hereby authorized to hear and determine said suit.”
The findings show that no claim for the damages complained of in this suit was presented to or prosecuted before the board of audit established by the act of 1874; so that the jurisdiction of the court to make the inquiry contemplated by the act of 1884 is complete.
The question of the liability of the defendant under the act of 1884, was presented by a demurrer, filed at a preceding term; and in overruling the demurrer this court in effect held, that the petition by its allegation, based on the statute giving this court jurisdiction, stated a legal cause of action against the defendant.
The doctrine is indisputable that a municipal corporation is not liable to adjoining owners in damages for consequences in *108 cident to an improvement of the street, so long as there is no encroachment upon the possession of the owner and the corporation is guilty of no negligence; but Congress in the passage of the act of our jurisdiction have waived that defense on the part of the District of Columbia, and referred to this court the question of the extent of the injury, if any, suffered by the claimants in the improvements of the streets of the city of Washington, as the owner of block No. 736, known as “Dud-dington Square.”
There is no pretense on the part of the claimants, and it is not alleged in the petition, that in the execution of the work of grading the streets, the officers and agents of the corporation were guilty of any negligence; and it is presumed that the grievances complained of in this case were the causes inducing Congress to pass the act of 1884, and that Congress intended to submit to this court the assessment of damages, subject to such rules of law as are applicable in a case where by law there would be a liability on the part of the defendant. If the claimants are to be confronted by the legal proposition that a municipal corporation is not liable, unless in case of trespass or negligence, then the act “ for the relief of the devisees of Daniel Carroll” is a barren right, productive of no other result than the application of the law as it existed before the statute of 1884, which precluded the right to maintain a suit, both as to our jurisdiction and the right to recover upon the case stated in the petition, and developed by the findings.
In this view of the effect of the law conferring jurisdiction there arises but two questions for our determination: First, whether the parties contemplated by the law are claimants in this proceeding; and if so, how much damage (if any) have they suffered because of the improvement of the streets around block No. 736, as provided in the act? While each of these questions may be a mixed question of law and fact (the question of negligence being incident to'the latter) we have found the ultimate fact as to both inquiries. The first finding shows that all the parties in interest are made parties in this case; so that this proceeding will operate as a bar for all future claim for damages under the act referring the matter to this court for adjudication. This fact was conceded by the defendant’s counsel.
Some controversy has arisen as to the proper construction of the act as to the basis of assessment, the claimants insisting *109 that the whole cutting and excavation must be considered by the court, while the defendant has insisted that it is a difference between the grade as established in 1797 and the grade as made by the survey of 1872 which is to be considered. The statute provides for “such damages (if any) as they have sustained by reason of the change of grade and the regrading of the street around square No. 736.” The grade as made by the survey of 1797 was never in fact established nor practically recognized by the municipal authorities, and but little work was done on the streets around said square before the establishment of the grade of 1872, and the excavation of the streets according to the requirements of said last-mentioned grade.
In the judgment of the court but little difference would be made in the amount of damages whether it is estimated as it was in fact, or the condition the property would have been in had the excavation been made from a state of grade established according to the requirements of the survey of 1797. The estimate of the witnesses was not based on the difference in damages between the grade of 1797 and the grade of 1872, but upon the grading as it was done in fact under the last-named grade, and the findings do not discriminate as to the grades.
Construing the statute as waiving the defense which the defendant would have had by the law as it existed before the statute, and regarding our duty as limited to the mere inquiry as to the amount of damages the claimants may have suffered (if any) ; it is the conclusion of the courf that for such damages, the parties are entitled to recover the sum of $36,040.